UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES,<br><br>        Plaintiff,<br><br>vs.<br><br>GREGORY WILSON,<br><br>        Defendant. | Case No.: 2:09-cr-00011-RLH-GWF<br><br>**O R D E R**<br><br>(Gov'ts Application for Order Deeming Atty-Client Privilege Waived and Revised Briefing Schedule – #118<br>Defendant's Motion to Supplement – #120) |

       Before the Court is Plaintiff United States' ("Government") **Application for Order Deeming Attorney-Client Privilege Waived and Revised Briefing Schedule** (#118, filed Oct. 31, 2013). The Government seeks an Order deeming certain attorney-client privilege waived and additional time to allow the Government to respond to Defendant Gregory Wilson's Motion to Vacate under § 2255 and accompanying Motion for Expert Witness and Evidentiary Hearing to determine equitable tolling for the § 2255 Motion.

       Instead of responding to the Government's motion, Defendant, through his next friend and fellow inmate Kenneth Stiger, filed a **Supplemental Motion** (#120, filed November 15, 2013) to supplement and support the second ground of the § 2255 Motion. In the Supplemental Motion, Defendant characterizes the Government's request as seeking "permission from this Court to turn

AO 72
(Rev. 8/82)

trial counsel into a whistle blower," (sic) and "[Defendant] poses no objections to the tactics of the government." Defendant reasons that "[t]here can be only two results that come from the trial counsel turning whistle blower (sic). First, trial counsel would only be admitting to its own ineffective representation for its failure to challenge the failure to provide notice and the Court's lack of authority to impose such a sentence."

For the reasons discussed below, both motions are granted.

## BACKGROUND

On December 17, 2009, a jury found Defendant guilty as being a felon in possession of a firearm. On May 5, 2010, the Court sentenced Defendant to 240 months in custody with five years of supervised release to follow. Defendant filed a direct appeal to the Ninth Circuit, who affirmed the conviction and sentence. (#102). Exactly eight months later, Defendant moved for transcripts and documents. The Court denied the motion. (#110). Again, eight months later, Defendant again moved to obtain the trial record and for the Court to set aside the tolling time for Defendant to bring a § 2255 motion. The Court denied the motion as untimely and unjustified. (#113).

Yet again, 11 months later, Defendant filed a Motion for Expert Witness and Evidentiary Hearing seeking equitable tolling so that he could pursue a § 2255 motion. Defendant simultaneously filed his § 2255 motion. In the § 2255 motion, among other things, Defendant argues ineffective counsel because: "trial counsel deprived [Defendant] of his Fifth Amendment right to testify on his own behalf," trial counsel "informed [Defendant] that the maximum punishment he was facing was 60 months," "trial counsel was required to request a competence evaluation prior to trial," and "trial counsel failed to present [Defendant's] defense."

The Court referred the § 2255 motion to the Government for response. The Government seeks a Court order deeming the attorney-client privilege in this case waived "for the purposes of this proceeding as to all contentions raised in Defendant's Motion, and all materials and information related thereto be ordered divulged to the government."

//

AO 72
(Rev. 8/82)

## DISCUSSION

Generally, to waive the attorney-client privilege, the client must disclose the contents of a confidential communication. *United States v. Ortland*, 109 F.3d 539, 543 (9th Cir. 1997). However, a client may implicitly waive the privilege when he claims he relied on advice of counsel. *Id.* To be sure, the privilege "may not be used both as a sword and a shield. Where a party raises a claim which *in fairness* requires disclosure of the protected communication, the privilege may be implicitly waived." *Id.* (citing references omitted).

A § 2255 petitioner who asserts ineffectiveness of counsel as a ground for relief from his conviction may thereby place into issue his communications with trial counsel. *United States v. Meldelsohn*, 896 F.2d 1183, 1189 (9th. Cir. 1990). Under such circumstances, a petitioner cannot assert such a claim without thereby waiving, at least to a limited extent, his attorney-client privilege. *Id.* at 1188-89. However, the Court must carefully confine the limits of the waiver. *Id.* at 1189.

Here, based on his § 2255 petition, Defendant has waived, at least to a limited extent, his attorney-client privilege. First, Defendant explicitly waived the privilege by alleging that "[Defendant] told [defense] counsel he *wanted* to testify and [defense] counsel told [Defendant] that he was in no shape to testify." (#115 at 14). This relates to both the right to testify and the failure to request a competency hearing. Second, Defendant explicitly waived the privilege by alleging that his trial counsel informed him that the maximum punishment would be 60 months, which caused him to proceed to trial as opposed to pleading guilty outright. (#115 at 16). By disclosing the contents of the communications, Defendant explicitly waived the privilege on these points.

Additionally, Defendant has implicitly waived his attorney-client privilege by alleging that defense counsel "failed to ask [Defendant] was he willing to stipulate to being a felon" or "the element of interstate commerce." (#115 at 18). In this instance, Defendant has placed into issue his communications, or lack of communications, with trial counsel. The Government will be

3

unable to lodge any objection without the disclosure of whether defense counsel advised Defendant about stipulations or obtained his consent prior to so stipulating. Thus, fairness requires finding the privilege has been waived as to this point.

In the interest of efficiency and allowing the Government an opportunity to respond to all claims of Defendant's § 2255 Motion, the Court grants Defendant's Motion to Supplement. Therefore, the contents of Defendant's § 2255 petition are amended to include all allegations in Supplemental Motion (#120). When the government responds to the § 2255 Motion according to the briefing schedule outlined below, the Government should also address the supplemented claims presented in the Supplemental Motion.

**CONCLUSION**

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Plaintiff's Application for Order Deeming Attorney-Client Privilege Waived and Revised Briefing Schedule (#118) is GRANTED. The Court orders Mr. Rene Valadares and/or Ms. Brenda Weksler, Defendant's trial counsel, to provide the Government with an affidavit or affidavits, as well as any relevant materials and information, addressing the allegations discussed in this Order within 30 days of the date of this Order. The government shall have an additional 30 days, after receiving Mr. Valadares's and/or Ms. Weksler's affidavit(s), to file its response to Defendant's § 2255 Motion, including allegations in Defendant's Supplemental Motion, #120. Defendant will have 14 days thereafter to file any reply.

IT IS FURTHER ORDERED that Defendant's Supplemental Motion (#120) is GRANTED.

Dated: November 22, 2013.

_____
**ROGER L. HUNT**
**United States District Judge**